Saad A. EL JANNY

v.

CLEVELAND TANKERS, INC.

Civ. No. 2753.

United States District Court
N. D. Indiana,
Hammond Division.
Sept. 26, 1962.

Herbert L. Wisch, Chicago, Ill., Louis L. Welner, Detroit, Mich., Rudolph Zajac, Whiting, Ind., S. Eldridge Sampliner, Cleveland, Ohio, for plaintiff.

Theodore Robinson, Chicago, Ill., Travis & Tinkham, Hammond, Ind., for defendant.

BEAMER, District Judge.

This matter was presented to the Court on the separate petitions of two sets of attorneys who have represented the plaintiff at various stages of the proceeding to resolve a dispute over the division of attorneys' fees and other items.

A hearing was held on the petitions. Sworn testimony was presented along with exhibits and the Court finds the following to be the facts:

The plaintiff was a seaman in the employ of the defendant and received an injury while in the course of his employment. He lived in the Detroit, Michigan area and following his injury was taken to the U. S. Public Health Hospital in Detroit. Soon thereafter he contacted attorney Herbert L. Wisch in Chicago for the purpose of employing him to prosecute a case against the defendant to

recover damages for his injuries. Mr. Wisch told the plaintiff that he would handle his case but since he was in Chicago and the plaintiff was in Detroit it would be necessary for him to employ associate counsel in Detroit to assist him.

Mr. Wisch then contacted Mr. Louis L. Welner, an attorney in Detroit and arranged for him to act as associate counsel with him in handling the plaintiff's case.

Mr. Welner then called upon the plaintiff at the hospital and discussed his claim and the employment of Welner and Wisch to represent the plaintiff following which the plaintiff, on December 28, 1959, entered into a written contingent fee contract with them. Under the terms of the contract the attorneys were to prosecute the claim of the plaintiff against the defendant and were to receive as compensation "33% of all money and valuable things received by him in settlement, compensation or satisfaction of his claims". Plaintiff also promised to reimburse the attorneys for their reasonable costs and disbursements expended by them in prosecuting his claim.

Following the execution of the employment agreement, Welner and Wisch, (Welner doing most of the work), investigated the facts, held many conferences with the plaintiff and did other work in preparing the case. A complaint was prepared and filed in this Court on behalf of the plaintiff on February 12, 1960 by Wisch, Welner and Rudolph Zajac, an attorney from Whiting, Indiana, who appeared as local counsel in compliance with our local rule. On February 18, 1960, Welner and Wisch filed notice of an attorney's lien pursuant to their contingent fee contract. Thereafter, on March 25, 1960, Mr. Wisch filed a motion for production of documents and on March 30, 1960 defendant filed an answer.

In April of 1960, the plaintiff discharged Wisch and Welner, and employed Mr. S. Eldridge Sampliner. On the witness stand, plaintiff was asked why he discharged them and he said,

"because they wouldn't loan me money". Mr. Welner said that during his representation of the plaintiff he was constantly after him to loan him money which Welner refused to do, except for the sum of $150.00 which he reluctantly let plaintiff have on the representation that he was faced with some emergency which made it imperative that he have the money at once. Otherwise, Welner constantly refused to loan plaintiff money. Mr. Wisch, on one occasion, loaned the plaintiff a small sum to meet some alleged emergency, but other than that he also refused to advance money to the plaintiff.

Upon discharging Wisch and Welner, plaintiff employed Mr. Sampliner who agreed orally to take the case on a 33⅓% basis and to "take care of Mr. Wisch and Mr. Welner". On August 18, 1960, Mr. Sampliner filed in this Court a motion for substitution of attorneys in which he said, "Plaintiff's counsel further alleges that he has secured the permission and acquiescence of Herbert L. Wisch in that he has worked out an oral agreement which will be put in writing, protecting the said Herbert L. Wisch and Louis L. Welner for a percentage of the recovery together with expenses and advances, all in accordance with his attorney's lien". No such agreement was ever reduced to writing and Mr. Wisch denied that any percentage was ever arrived at.

Following his employment, Mr. Sampliner almost immediately started advancing plaintiff money in sizable amounts. The total advances amounted to approximately $5,000.00. It was asserted that this money was needed for living and medical expenses and about $1,200.00 was used to finance a trip to Lebanon by plaintiff's wife and children. When plaintiff received a check from the defendant for maintenance and cure for approximately $1,750.00 he paid Sampliner $1,500.00 to apply on the advances.

After his employment, Sampliner handled plaintiff's claim and finally arrived at a settlement agreement with the defendant for $12,000.00 in addition to ap-

proximately $1,900.00 in maintenance and cure which had already been paid. Plaintiff agreed to this settlement on condition that he receive approximately $9,000.00 net out of the $12,000.00 settlement. Mr. Sampliner agreed to this condition but Wisch and Welner did not. Neither did they agree with Mr. Sampliner as to what proportion of the fee they should have.

In spite of the fact that Wisch and Welner did not agree to a total fee of approximately $3,000.00 the Court feels that this condition must be complied with. The attorneys had expended from their own funds a total of $503.76 in proper advances of funds to cover legitimate expenses in prosecuting plaintiff's claim. In view of the fact that plaintiff had received some $1,900.00 under an order for maintenance and cure in addition to the $12,000.00 settlement, it seems only equitable that he pay these out of pocket expenses in addition to the fee which he fixed in connection with the settlement as approximately $3,000.00.

The record indicates that Mr. Sampliner did the greater amount of the work in prosecuting the plaintiff's claim. It also shows that plaintiff had no quarrel with the manner in which Wisch and Welner were handling his claim. His only objection was that they would not loan him money. Mr. Sampliner took the case on condition that he would "take care of Wisch and Welner". It would also appear that he got the case because he was willing to loan the plaintiff money.

The propriety of the practice of loaning or advancing money to clients in personal injury cases has long been questioned by the Courts and the organized bar. Several Courts have adopted rules prohibiting the practice. The Committee on Professional Ethics of the American Bar Association in 1954 issued an opinion [1] in which it held that this practice "would constitute a clear violation of the Canons of Professional Ethics". The opinion reads in part:

"For a lawyer to make advances to an injured client to cover subsistence for him and for the members of his family while the case is pending, does not constitute the advancement of expenses, the latter term referring to court costs, witness fees and expenses resulting from the conduct of the litigation itself, and not expenses unconnected with the litigation, although resulting from the accident.

"For a lawyer to advance such living costs is similar to making an advance on account of the prospective verdict. Clearly there is no expectation of reimbursement except out of the verdict. Accordingly, a lawyer who makes such advances acquires thereby an interest in the subject matter of the litigation which he is conducting, in violation of Canon 10. We have read the opinion of the Supreme Court of Illinois in People ex rel. v. McCallum, 341 Ill. 578, 173 N.E. 827, 830–831 (1930), in which it is stated that the advancement of living expenses by a lawyer is contemplated by and justifiable under Canon 42. We are not convinced by the reasoning of the majority of that Court on this issue, and are of the opinion that Canon 42 furnishes no justification for such advances.

"The proposed practice also would violate Canon 6, precluding a lawyer from representing conflicting interests, and imposing upon the lawyer the duty to represent his client with undivided fidelity. While, as pointed out by Professor Cheatham in his Case Book, Page 170 n., there is an inescapable conflict of interest between the attorney and his client with regard to counsel fees, this conflict of interest need not and should not be extended to permit the

1. Opinion #288, page 619, AMERICAN BAR ASSOCIATION CANONS OF PROFESSIONAL AND JUDICIAL ETHICS, 1957 Edition.

lawyer to acquire an additional stake in the outcome of the suit which might lead him to consider his own recovery rather than that of his client, and to accept a settlement which might take care of his own interest in the verdict but not advance the interest of his client to the maximum degree. Such an extension would be inconsistent with the lawyer's duty of undivided fidelity to his client.

"Finally, the practice, if publicized, constitutes a holding out by the lawyer of an improper inducement to clients to employ him, in addition to the assurance of performing legal services for the client (See Canon 27)."

 In issuing the order for disbursement herein, the Court is well aware that the amount ordered paid to Mr. Sampliner falls far short of reimbursing him for the unpaid balance of the money advanced to the plaintiff during the pendency of this action. In fixing a division of the fee between the attorneys the Court has not taken into consideration any loans or advances other than those pertaining to the actual expenses properly incurred by the attorneys in prosecuting plaintiff's claim. This Court will not lend its office to, or in any way, encourage or sanction the practice of attorneys advancing or loaning funds to clients for living expenses or purposes other than costs connected with the actual prosecution of a case during the pendency of personal injury litigation.

## ORDER

The Clerk is hereby ordered to disburse the fund of $12,000.00 paid into the Federal Registry by the defendant pursuant to the judgment heretofore entered in this case in the following manner:

1. To Herbert L. Wisch, Louis L. Welner and Rudolph Zajac, Attorneys at Law    $1,594.00

2. To S. Eldridge Sampliner, Attorney at Law    $1,909.76
3. To the Plaintiff, Saad A. El Janny    $8,496.24